FILED

2014 Feb-21  PM 04:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number:<br>63-CV-201...<br><br>Date of Filing:<br>01/20/2014 |
|---|---|---|

ELECTRONICALLY FILED<br>1/20/2014 11:14 PM<br>63-CV-2014-900089.00<br>CIRCUIT COURT OF<br>TUSCALOOSA COUNTY, ALABAMA<br>MAGARIA HAMNER BOBO, CLERK

## GENERAL INFORMATION

### IN THE CIRCUIT OF TUSCALOOSA COUNTY, ALABAMA
### KENNETH WAYNE RICE v. JP MORGAN CHASE BANK

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☐ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT    _____

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes  ☐ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  LAY002     1/20/2014 11:14:38 PM     /s/ KENNETH JAMES LAY

**MEDIATION REQUESTED:**  ☐ Yes  ☐ No  ☑ Undecided

ELECTRONICALLY FILED
1/20/2014 11:14 PM
63-CV-2014-900089.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| KENNETH WAYNE RICE | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. |
| | ) | CV-14- |
| | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## COMPLAINT

Comes now, Kenneth Wayne Rice, by and through his attorney of record

and files his complaint in accordance with the Alabama Rules of Civil Procedure

as in support of said complaint states as follows:

## PARTIES

1.   The Defendant Chase in this action is a foreign corporation doing business
     in Tuscaloosa County, Alabama, is a "debt collector" as that term is
     defined by 15 U.S.C. § 1692a(6).
.

2.   The Plaintiff, Kenneth Wayne Rice, in this action is an adult resident of
     Tuscaloosa County, Alabama, and is a "consumer" and/or a person affected
     by a violation of the FDCPA.

## JURISDICTION

3.   Jurisdiction is proper in the Circuit Court of Tuscaloosa County, Alabama.
     The underlying action is based upon a contract executed in Tuscaloosa
     County, Alabama. The action is brought regarding an attempted foreclosure
     instituted in Tuscaloosa County, Alabama, and is in the nature of a
     complaint regarding that attempted foreclosure action. The action is
     brought to enforce the contractual remedies allowed in the mortgage

1

document. The action seeks damages in contract and tort for the actions of the Chase with respect to their servicing and attempted foreclosure on the loan in question.

## VENUE

4.   Venue is proper in this Court as the Plaintiff is a citizen of Tuscaloosa County, all or substantially all of the wrongs complained of occurred in this county and the property is situated in this county.

## STATEMENT OF FACTS

5.   Kenneth Wayne Rice bought the property located at 3813 East 2nd Avenue Tuscaloosa Alabama 35405 on June 13, 2007.  On that same date, Rice received a loan with Mortgage America Inc., and executed a mortgage with Mortgage America Inc., also signed a promissory note with Mortgage America.  The Mortgage contract provides for an escrow account for the taxes and insurance.  The mortgagee is required to pay for the insurance and taxes from the escrow account.

6.   Rice currently resides at 3813 East 2nd Avenue, Tuscaloosa Alabama 35405.

7.   The loan was allegedly later transferred and sold to Chase.

8.   On January 8, 2013, Chase improperly and wrongfully began foreclosure proceedings on Rice's property.

9.    The Law firm of Stephens Millirons, P.C. handled the attempted foreclosure sale.

10.   The Defendant purportedly began foreclosure proceedings on Plaintiff's property on January 8, 2013 despite knowing that the Plaintiff Rice claimed that the attempted foreclosure sale was wrongful and invalid.

11.   The foreclosure sale date was reported to the national credit bureaus and Rice's credit was damaged as a result of the reporting of the foreclosure sale date which was invalid and wrongful.

12.   Rice, upon information and belief, contends that the alleged Assignment of the  note and mortgage is defective, void, or otherwise unenforceable as to the security instrument in question in this case.

13. Rice contends that the attempted sale was wrongful, illegal, in violation of law and the documents governing the relationship between Rice and the owners of the note and mortgage.  Furthermore, Rice alleges that he was not behind in his payments on the mortgage and that he was improperly defaulted and that the note was improperly accelerated.

14. Rice contends that the foreclosing entity lacked standing or authority to initiate foreclosure proceedings on his property.

15. Rice alleges that the actions of the Chase and its agents, employees and servants were wrongful and tortious.

16.  Rice alleges that the actions of Chase by improperly attempting foreclosure on his  property is a violation of law, wrongful and tortious and that the Defendant had no authority to foreclose on his home or property, and that its actions constitute negligence,  wantonness, abuse of process and slander of title.

17.   As a direct result of the acts complained of Rice has suffered great  mental anguish, damage to his reputation, economic and emotional damages and claims from Chase all damages allowable under the law.

### <u>COUNT ONE</u>
### NEGLIGENCE
### (Chase)

18. The Plaintiff re-alleges all prior paragraphs as if set out here in full.

19. Defendant negligently serviced the loan made the basis of this suit, negligently attempted to collect sums not owed by the Plaintiff, negligently caused his property insurance to be canceled, negligently defaulted the Plaintiff,  negligently attempted a foreclosure sale on Plaintiff's property, were negligent by failing to make sure that information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus) was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; negligent by failing to properly train their employees on the thorough investigation of disputed accounts; negligent by failing to properly train, and/or supervise their employees and agents with regard to the  handling of Plaintiff's loan account and failing to remove the adverse reporting  from Plaintiff's credit once he disputed the same.

20.   As a direct result of the said negligence, the Plaintiff was injured and damaged as alleged above and has suffered mental anguish, economic injury and all other damages allowed by law.

21.   As a result thereof, the Defendant is liable for all natural, proximate and consequential damages due to their negligence.

## COUNT TWO
## WANTONNESS
### (Chase)

22.   The Plaintiff re-alleges all prior paragraphs as if set out here in full.

23.   The Defendant acted with reckless indifference to the consequences, and consciously and intentionally wrongfully serviced the loan made the basis of this suit, attempted to collect sums not owed by the  Plaintiff, caused his property insurance to be canceled, defaulted the Defendant, attempted to conduct a foreclosure sale on Plaintiff' property, failed to make sure that information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus) was not false, neither libelous nor slanderous, and rose to the level of maximum accuracy; failed to properly train their employees on the thorough investigation of disputed accounts; failed to properly train, and/or supervise their employees and agents with regard to the handling of Rice's loan account and failing to remove the adverse reporting from Rice's  credit once he disputed the same.

24.   These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for the Defendant.

25.   The Defendant knew that these actions were likely to result in injury to the Plaintiff including financial and emotional injuries and mental anguish.

26.   As a proximate result of the Defendant's wantonness the Plaintiff was injured and harmed and suffered financial injury and emotional damage.

27.   As a result thereof, Defendant is liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages upon a proper evidentiary showing.

4

## COUNT THREE
## UNJUST ENRICHMENT
### (Chase)

28.     The Plaintiff adopts and realleges all prior paragraphs as if set out here in full.

29.     The actions of the Defendant in attempting foreclosure on the home of the Plaintiff in violation of law resulted in Defendant being unjustly enriched by the payment of fees, insurance proceeds and equity in the home.

30.     As a result of the Defendant's unjust enrichment, the Plaintiff has been injured and damaged in that the Plaintiff has been forced to pay charges that were illegal, wrong in character, wrong in amount, unauthorized, or otherwise improper under threat of foreclosure by the Defendant.

31.     The Plaintiff claim all damages allowable under law as a result of the Defendant's wrongful conduct and unjust enrichment.

## COUNT FOUR
## WRONGFUL FORECLOSURE
### (Chase)

32.     The Plaintiff re-alleges all prior paragraphs as if set out here in full.

33.     Defendant wrongfully initiated and attempted to conduct a foreclosure proceeding against the Plaintiff in violation of law.

34.     The attempted foreclosure proceeding by the Defendant was either negligent, wanton or intentional, depending on proof adduced at trial. The power of sale was exercised for a purpose other than to secure the debt owed by plaintiff, as the plaintiff was current on the debt at the time of the default and acceleration.

35.     As a result thereof, the Defendant is liable for all natural, proximate and consequential damages due to their actions including an award of punitive damages upon a proper evidentiary showing.

5

## COUNT FIVE
### SLANDER OF TITLE
#### (Chase)

36. The Plaintiff re-alleges all paragraphs as if set out here in full.

37. Defendant, in attempting foreclosure has caused a cloud to be placed on the title of the property of the Plaintiff.

38. As the proximate cause of the Defendant's said slandering of the Plaintiff's title, he was caused to suffer injuries and damages and claims all damages allowable under law.

## COUNT SIX
### BREACH OF CONTRACT
#### (Chase)

39. The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

40. The Plaintiff and his Lender entered into the standard "Fannie Mae/Freddie Mac Uniform Instrument" mortgage agreement.

41. The Defendants serviced the loan and breached the agreement by failing to comply with essential terms regard the application of payment and the notice requirements of paragraph 22 of the agreement.

42. As a result of the defendant's breach of the mortgage contract the Plaintiff was caused to suffer injuries and damages and claims all damages allowable under law.

43. That the terms of the mortgage agreement detail the application of payments as follows:

   a. Application of Payments.  All payments under Paragraph 2 shall be applied to lender as follows:

      i.   First to the mortgage insurance premium to be paid by the Lender to the Secretary or to the monthly charge by the secretary instead of the monthly mortgage insurance premium;

      ii.  Second.  To any taxes, special assessments, leasehold payments or ground rents, and fire flood and other hazard insurance premiums as required;

<div style="margin-left:2em">

iii.     Third to interest due under the note; and

iv.     Fourth to late charges under the note.

</div>

44. That, as more fully described above, Chase failed to apply regular monthly payments, supplemental monthly payments, in the proper manner according to the terms of the note.  More specifically, Chase never applied some payments at all to Rice's  account even though Rice sent in the payment and it was deposited by Chase.  Apparently, Chase has misplaced or is unable to account for the funds from payments made or sent by Rice.

45. That this misapplication of funds constitutes a breach of the mortgage contract and thus entitles Rice to damages.

46. Chase failed to send proper notice to Rice as required by the mortgage contract. Chase failed to send a proper notice of default, a proper notice of intent to accelerate, and a proper notice of acceleration.   The contract terms related to notice are as follows:

> Lender shall give notice to Borrower **prior to acceleration** following Borrower's breach of any covenant or agreement in this Security Instrument . . . The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date not less than 30 days from the date the notice is given to Borrower by which the default must be cured; and (d); that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform the Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument….

Chase failed to comply with this provision of the mortgage contract and has

therefore breached the contract.

## COUNT SEVEN
### FRAUD
### (Chase)

47.    The Plaintiff adopts and re-allege all prior paragraphs as if set out here in full.

7

48.     The Defendant misrepresented that the loan was in default. Further, the Defendant made false and misleading representations, to wit: dissemination of inaccurate information regarding the loan account as being in default and dissemination of inaccurate information regarding the credit history and credit of the Plaintiff that was known to be  false.

49.     Said misrepresentations were made negligently and/or willfully and/or wantonly and/or fraudulently, and/or recklessly with the intent to induce the Plaintiff to act thereon and upon which the Plaintiffs did in fact act to his detriment.

50.     Plaintiff justifiably relied upon said representations made by Defendant and as a result of said reliance proceeded with the execution of the loan; at the time said representations were made the same were false and known by the Defendant to be false and/or were false and made by mistake with the intent for Plaintiff to rely thereon.

51.     As a proximate cause of the aforementioned fraudulent misrepresentations made by the Defendant, Plaintiff was proximately caused to suffer injury and damage.


## COUNT EIGHT
## PLACED IN A FALSE LIGHT
### (Chase)

52.     Plaintiff adopts the above paragraphs as if fully set forth herein.

53.     In association with the servicing of the loan account Chase held Rice up in a false light and made undesirable and negative character and credit reputation remarks on or about the Rice by either speaking or writing undesirable and negative character and reputation remarks about Rice which was offensive, untrue, and inaccurate, and which alleged Rice was behind on his debt serviced by Chase, has a bad debt with Chase.

54.     Chase knew Rice was not in default on the account, as it was paid to date and as such, that there existed no basis in law or fact, for the Chase to make offensive, untrue, and inaccurate reports regarding Rice.  Chase knew this at the times they were reporting such information.

55.     Chase held Rice up in a false light and made undesirable and negative and credit reputation remarks on or about Rice in the national credit reporting

8

media and to his homeowner insurance carrier. Chase provided this false information to third parties.

56.     The conduct Chase was objectionable to the Rice and to any reasonable person.  Chase's action was willful, reckless, wanton and/or made with malice and resulted in Rice being unreasonably placed in a false light.

57.     Due to Chase's conduct, Rice was caused to have negative credit reports, denied homeowners insurance, held up to public ridicule or shame, humiliated, made to suffer physically and mentally, and endure anguish.

WHEREFORE, PREMISES CONSIDERED, Rice Prays for Judgment against Chase in an amount to be determined by trier of fact.

## COUNT NINE
## DEFAMATION, LIBEL, SLANDER
### (Chase)

58.     Plaintiff adopts the above paragraphs as if fully set forth herein.

59.     The Defendant willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff and said statements have subjected the Plaintiff to the denial of credit by third parties, resulted in homeowner's insurance cancellation and harmed the Plaintiff's credit reputation.

60.     Said false and defamatory statements have harmed the reputation of  Rice and/or deterred third persons from associating with the Rice.

61.     The Defendant communicated to credit reporting agencies and/or other third parties, false information that Rice defaulted on the loan and was in foreclosure, disseminated and imputed false and misleading credit history and worthiness information concerning Rice.

62.     Chase published such defamatory and libelous information.

63.     Said communications were false in that Plaintiff were not indebted to the Defendant in the amount reported, and Plaintiff was not delinquent as reported by the Defendant, and Plaintiff  is the legal and rightful owner of the mortgage note.

64.     At the time said communications were made, Chase knew, or should have known, of the falsity of the communication or recklessly disregarded the

potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

65.     As a result of the intentional communication to third parties of false information, Rice was caused to suffer injury to his reputation in the eyes of the community and the public and was subject to ridicule.

66.     Said communications were oral and/or written.

67.     As a proximate consequence of Chase's acts Rice was caused to be injured and damaged

## PLAINTIFF ( RICE) DEMANDS A TRIAL BY JURY.

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendant (Chase), he respectfully prays of the Court as follows:

a.     That the Plaintiff has and recover against the Chase, a sum to be determined by this Court peers in the form of actual damages.

b.     That the Plaintiff have and recover against the Defendant Chase a sum to be determined by this Court in the form of compensatory and punitive damages.

c.     That Plaintiff, Rice, be awarded attorney fees and court cost.

d.     That the Plaintiff has such other and further and proper relief as the Court may deem just and proper:

/s/ Kenneth James Lay
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 323-4123
Fax:(205) 776-2040
Attorney for Plaintiff

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>63-CV-2014-900089.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
### KENNETH WAYNE RICE V. JP MORGAN CHASE BANK

JP MORGAN CHASE BANK, C/O CT CORPORATION SYSTEM 2  N. JACKSON ST. STE.605, MONTGOMERY, AL 36104

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY KENNETH JAMES LAY

WHOSE ADDRESS IS 1117 South 22nd Street, BIRMINGHAM, AL 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   KENNETH WAYNE RICE
pursuant to the Alabama Rules of the Civil Procedure

Date   1/20/2014 11:15:11 PM          /s/ MAGARIA HAMNER BOBO                    By:
                                       Clerk/Register

☑ Certified Mail is hereby requested        /s/ KENNETH JAMES LAY
                                             Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County, Alabama on _____
                                                                              (Date)

_____          _____          _____
Date                           Server's Signature             Address of Server

_____                                         _____
Type of Server                                                Phone Number of Server

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>63-CV-2014-900089.00 - CRM |
|---|---|---|

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY
KENNETH WAYNE RICE V. JP MORGAN CHASE BANK

JP MORGAN CHASE BANK, C/O CT CORPORATION SYSTEM 2  N. JACKSON ST. STE 805, MONTGOMERY, AL 36104

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY KENNETH JAMES LAY

WHOSE ADDRESS IS 1117 South 22nd Street, BIRMINGHAM, AL 35205

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   KENNETH WAYNE RICE

pursuant to the Alabama Rules of the Civil Procedure

Date  1/20/2014 11:15:11 PM.          /s/ MAGARIA HAMNER BOBO                    By:  KM

☑ Certified Mail is hereby

**RETURN ON SERVICE:**

☐ Return receipt of certifi

☐ I certify that I personal

Date

Type of Server

---

**U.S. Postal Service ™**
**CERTIFIED MAIL ™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $  6.51 |

Postmark
Here

Sent To
JP Morgan Chase Bank  Ste 605
Street, Apt. No.,
or PO Box No. 70 Corp. System 2 N. Jkson St.
City, State, ZIP+4
Montgomerie, Al 36104

PS Form 3800, August 2006          See Reverse for Instructions

a on _____
                    (Date)

ddress of Server

hone Number of Server

---

63-CV-2014-900089.00
KENNETH WAYNE RICE V. JP MORGAN CHASE BANK

C001 - KENNETH WAYNE RICE               v.   D001 - JP MORGAN CHASE BANK
            Plaintiff                                     Defendant

**SERVICE RETURN**



AlaFile E-Notice

63-CV-2014-900089.00

Judge: CHARLES R. MALONE

To:  LAY KENNETH JAMES
ken@whlfirm.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

KENNETH WAYNE RICE V. JP MORGAN CHASE BANK
63-CV-2014-900089.00

The following matter was served on 1/23/2014

D001 JP MORGAN CHASE BANK
CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL 35401

205-349-3870
magaria.bobo@alacourt.gov

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

● Sender: Please print your name, address, and ZIP+4 in this box ●

Magaria H. Bobo, Circuit Clerk

Tuscaloosa County Courthouse

714 Greensboro Ave, Rm 214

Tuscaloosa, AL 35401



CV 2014-900089-Sum-(CM)

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Alana Payne* ☐ Agent ☐ Addressee

B. Received by ( *Printed Name*)

C. Date of Delivery  1-23-14

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

J.P. Morgan Chase Bank
90 CT Corporation System
2 N. Jackson St. Ste 605
Montgomery, AL 36104

CV 2014-900089-Sum-RLM

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
   (Transfer from service label)

7012 3460 0001 7229 6693

PS Form 3811, February 2004      Domestic Return Receipt